[No. 40358.    Department One.    February 27, 1969.]

Tony Colella, *Respondent,* v. King County, *Appellant.*[*]

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for appellant.

*Michael R. Donovan,* for respondent.

Weaver, J.—This is an action by plaintiff against King County for damages to plaintiff's real property resulting from the alleged failure of the county to follow the mandate of the superior court to clear certain drainage ditches and culverts and to remove a certain culvert which cast surface water upon plaintiff's property. The mandate was previously affirmed by this court. *Colella v. King Cy.,* 72 Wn.2d 386, 433 P.2d 154 (1967).

The trial court entered judgment for $65,728: $30,728 for the loss of use of plaintiff's property from March, 1961, to April 22, 1968 (the date of judgment), and $35,000 for permanent damage to the property. The county appeals.

It is not necessary that we repeat the description of the land, streets, drainage ditches, culverts and land condition; they appear in our former opinion.

In our first opinion, the 1965 judgment of the trial court was affirmed in part; reversed in part; and remanded.

We concluded our first opinion by saying:

*First:* That portion of the judgment of April 13, 1965, directing defendant county to do certain things and refrain from doing others is affirmed.

*Reported in 451 P.2d 667.

It is necessary, therefore, that we set forth the April 13, 1965, mandate of the superior court. It ordered:

> that the defendant, KING COUNTY, be and hereby is enjoined from diverting waters from Thompson Road, a county road in King County, Washington, by means of culvert or otherwise, resulting in said waters coming upon the property of the plaintiff . . . and the defendant shall remove that certain culvert it installed from the said county road, known as Thompson road, which empties onto property located above and south of the above-described real property; and after removal said ditch shall be filled to prevent waters from flowing therein; and the said defendant shall clean out the culverts under Burns Street and the ditch on the north side of Burns Street, a county road, and continue to maintain the same so that the waters that collect therein shall flow freely along the natural drain course parallel to the north side of Burns Street . . . .

When the first appeal was remanded, our opinion stated:

> If, within 45 days from the issuance of the remittitur of this court in the instant case, defendant county has *not* remedied the damage done by it to plaintiff's property and has not restored it to its original condition as required by the rule in *Harkoff, supra* [*Harkoff v. Whatcom Cy.*, 40 Wn.2d 147, 241 P.2d 932 (1952)], plaintiff may petition the court for a further hearing and trial
>
> (i) to determine the market value of plaintiff's property after the damage was done and to enter judgment in favor of plaintiff against defendant county for the difference between $114,000 [the value established by the trial court] and the market value of the property immediately after the damage was done, and
>
> (ii) to determine and enter judgment for the value of the loss of use of plaintiff's property since the damage first occurred.

The instant case springs from plaintiff's contention that King County has failed to do those things required by the judgment of the court; hence, plaintiff is entitled to a determination of damages as outlined in our first opinion. Although defendant denied the allegations of plaintiff's complaint, its evidence is in the nature of confession and avoidance.

After trial, the court found that King County did *not* do those things that it was ordered to do within the time set, or at all; namely, it did *not* remove the culvert that cast water onto plaintiff's property from Thompson road and, of course, did *not* fill the ditch; it did not clean and keep clear the culverts under Burns Street and did *not* clean or keep clear the drainage ditch on the north side of Burns Street. Further, the court found that, as a result of the county's disregard of the court's judgment, plaintiff's property has been damaged and rendered substantially unfit for use since March, 1961.

Reduced to the lowest common denominator, this is a factual appeal. Even a cursory review of the record discloses adequate evidence to support the court's findings. We cannot disturb them.

The county argues that it has "substantially" complied with the mandate of the court because it has put a plug in the Thompson road culvert and has cleaned out the drainage ditch on the *south* side of Burns Street.

There is positive, undisputed evidence that the plug in the Thompson road culvert is ineffective, because at least a portion of the Thompson road drainage still finds its way through the culvert to plaintiff's property; and that the county did not clean the culverts under Burns Street nor the drainage ditch on the *north* side of Burns Street.

The county, having elected to disregard its duty established by judgment of the court, must bear the consequence in damages, which are well within the ambit of the evidence.

We find nothing to sustain plaintiff's claim for the allowance of attorney's fees.

The judgment is affirmed.

HUNTER, C. J., FINLEY and McGOVERN, JJ., and JOHNSEN, J. Pro Tem., concur.